UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WHITE PACIFIC SECURITIES INC., PATRICK S. NELSON, ROBERT T. ANGLE, ARTHUR M. QUINTERO,<br><br>           Petitioners,<br><br>     v.<br><br>AME WAUTERS, CAMILLA ROGERS, AND THE SUZANNE ROGERS SPECIAL NEEDS TRUST,<br><br>           Respondents. | No. C 10-3896 BZ<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Respondents have moved to dismiss the petition to vacate the underlying arbitration award for lack of subject matter jurisdiction. The petition states that petitioners "seek to vacate the Award because it was procured by undue means under Section 10(a)(1) as a result of Claimants' counsel's witness tampering and because the Arbitration Panel in this matter manifestly disregarded the law." Docket No. 1. Respondents argue that this allegation is inadequate. For the reasons

1

explained below, I agree that this petition fails to establish federal court jurisdiction and **GRANT** respondents' motion to dismiss, with **LEAVE TO AMEND**.

The "well-pleaded complaint" rule applies to petitions seeking to vacate arbitration awards under the Federal Arbitration Act (FAA).  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997); see also Carter v. Health Net of Cal., Inc., 374 F.3d 830, 836 (9th Cir. 2004).  The petitioners must therefore first establish in their petition that the FAA applies to this matter by showing, in this case, that the underlying contract involves interstate commerce.  See 9 U.S.C. § 2.  In addition, petitioners must establish an independent basis for federal question jurisdiction.  Carter, 374 F.3d at 836.  In the Ninth Circuit, petitioners can meet this requirement by showing that under Section 10(a)(4) of the FAA the arbitrators manifestly disregarded federal law.  Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009).

Petitioners one-sentence allegation in their petition does not meet the "well-pleaded complaint" requirements outlined in the preceding paragraph.  Although petitioners' opposition to respondents' motion to dismiss provides some authority that many securities transactions inherently involve interstate commerce, the petition does not so allege.  More importantly, the petition — and not petitioners' opposition or their memorandum of points and authorities — should also specifically allege which federal law the arbitrators manifestly disregarded.

1    Because petitioners have not satisfied the "well-pleaded
2 complaint" rule for their petition, respondents' motion to
3 dismiss is **GRANTED**.  Although I **GRANT** petitioners **LEAVE TO**
4 **AMEND** their petition, I reiterate what petitioners already
5 acknowledge in their opposition: the standard to vacate an
6 arbitration award due to manifest disregard of federal law is
7 strictly construed and courts will not "second guess" rulings
8 by arbitrators.  See Schwarzer, Tashima & Wagstaffe, Rutter
9 Group Prac. Guide: Fed. Civ. Pro. Before Trial § 16.121 (The
10 Rutter Group 2009).  For petitioners to meet their burden of
11 alleging that the arbitrators' award is in manifest disregard
12 of the law, "it must be clear from the record that the
13 [arbitrators] recognized the applicable law and then ignored
14 it."  Bosack v. Soward, 586 F.3d 1096, 1104 (9th Cir. 2009)
15 (quoting Comedy Club, Inc., 553 F.3d at 1290)(internal
16 quotations omitted).  This is especially difficult in this
17 case because the arbitrators were not required to set forth
18 their reasoning supporting the award and "it is all but
19 impossible to determine whether [the arbitrators] acted with
20 manifest disregard for the law."  Bosack, 586 F.3d at 1104
21 (internal citations and quotations omitted).  Since the
22 arbitrators did not issue explicit findings, there does not
23 appear to be a way to determine which claims the arbitrators
24 decided in granting the award, and whether petitioners'
25 claimed violation of Section 20(a) of the Securities Exchange
26 ///
27 ///
28 ///

3

1  Act of 1934 was even considered in granting the award.[1]

2      The Court finds no need for a hearing and **VACATES** the
3  hearing set for **November 17, 2010.**  If petitioners choose to
4  amend their petition, they shall file the amended petition by
5  **December 1, 2010**.  A briefing schedule will then be issued by
6  the Court.  The motion to vacate the award is taken under
7  submission, pending a resolution of the jurisdictional issue.
8  Dated: November 16, 2010

                                    _____
                                    Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\WHITE PACIFIC V. WAUTERS\ORDER GRANTING MOTION TO DISMISS.wpd

---

[1] The same reasoning applies to petitioners' other claims that the arbitration award amounts to a double recovery and that there was corruption, fraud, or undue means because respondents' attorney acted improperly towards a witness.

4